UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN DOE,**

        **Plaintiff,**

        v.

**KENYON COLLEGE,**

        **Defendant.**

Civil Action 2:20-cv-4972
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter is before the Court on Plaintiff's unopposed Motion for Leave to Proceed Under a Pseudonym. (ECF No. 2.) For the reasons that follow, Plaintiff's Motion is **GRANTED**.

### I.

Plaintiff was a student at Kenyon College. (ECF No. 1.) Plaintiff filed his Complaint on September 22, 2020, asserting claims for gender discrimination, unlawful retaliation, and breach of contract alleging that Kenyon College erroneously expelled Plaintiff from the College based on false accusations of sexual misconduct. (*Id*.) On September 22, 2020, Plaintiff also filed his Motion to Proceed Under a Pseudonym. (ECF No. 2.) Plaintiff asserts that the circumstances of this case, which involve the stigmatizing charge of sexual assault and include details of Plaintiff's sexual relationship, are such that requiring Plaintiff to proceed under his name would disclose information of the utmost personal intimacy and subject Plaintiff to lasting social stigma

and other harms. Plaintiff also asserts that if he is forced to reveal his identity, the identity of his accuser, "Jane Roe," and other witnesses would likely become public.

## II.

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children."

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 561.

## III.

The Court is persuaded that, in considering the *Porter* factors, Plaintiff's privacy interests outweigh the presumption in favor of openness. *Porter*, 371 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). As to the second *Porter* factor (regarding the intimate nature of the information at issue), Plaintiff's claims arise out of Defendant's handling of claims that Plaintiff sexually assaulted another student with whom he had an intimate sexual

2

relationship.  The Complaint details Plaintiff's sexual relationship with his accuser, criminal charges Plaintiff faced, and the College's investigation process.  Courts in this Circuit have allowed plaintiffs challenging university treatment of sexual misconduct allegations to proceed under a pseudonym.  *See, e.g., Doe v. Univ. of the South,* 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (affirming Report and Recommendation allowing plaintiff to proceed under a pseudonym where plaintiff was challenging university's treatment of sexual misconduct claims against him); *Doe v. Univ. of South*, No. 4:09-CV-62, 2011 WL 13187184, at *19 (E.D. Tenn. July 8, 2011) (allowing plaintiff to proceed under a pseudonym because "being accused of sexual assault is a serious allegation with which one would naturally not want to be identified publicly").  As to the third *Porter* factor (whether the litigation would require disclosure of criminal activity), a factor in this litigation may be whether Plaintiff actually sexually assaulted his accuser, which may require disclosing criminal activity.

Plaintiff also correctly points out that the public interest weighs in favor of allowing him to proceed anonymously to protect the identity of his accuser.  Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness.  *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously).  Finally, Plaintiff states that his identity and the identity of his accuser are already known to Defendant and its counsel, such that Defendant will not be prejudiced in its ability to defend this action.  Defendant does not oppose Plaintiff's request to proceed anonymously.

## IV.

Under the circumstances, the Court finds compelling reasons to protect Plaintiff's privacy.  Therefore, Plaintiff's Unopposed Motion for Leave to Proceed Anonymously (ECF No. 2) is **GRANTED**.  Plaintiff may proceed in this action under the pseudonym John Doe.

It is further **ORDERED** that:

(1) In all publicly-filed documents, Plaintiff shall be identified only as John Doe.  All documents filed with this Court that contain the full name of Plaintiff, or contain information that identify Plaintiff, directly or indirectly, shall be filed under seal.  The filing party must also contemporaneously file a public version with any identifying information redacted.

(2) The parties shall take all other reasonable steps to prevent Plaintiff's true identities from being disclosed.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE