**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

_____,

        **Plaintiff,**

  v.                                **Civil Action \_\_:\_\_-cv-_____
Judge _____
Magistrate Judge _____**

_____,

        **Defendant.**

## RULE 26(f) REPORT

      Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on_____and was attended by:

_____, counsel for plaintiff(s)_____,

_____, counsel for plaintiff(s)_____,

_____, counsel for defendant(s)_____,

_____, counsel for defendant(s)_____,

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1.    <u>CONSENT TO MAGISTRATE JUDGE</u>

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

\_\_\_\_\_Yes      \_\_\_\_\_No

2.    <u>INITIAL DISCLOSURES</u>

Have the parties agreed to make initial disclosures?

\_\_\_\_\_Yes      \_\_\_\_\_No      \_\_\_\_\_The proceeding is exempt under Rule 26(a)(1)(B)

If yes, such initial disclosures shall be made by_____.

3. <u>VENUE AND JURISDICTION</u>

Are there any contested issues related to venue or jurisdiction?

\_\_\_\_Yes   \_\_\_\_No

If yes, describe the issue:

If yes, the parties agree that any motion related to venue or jurisdiction shall be filed by _____.

4. <u>PARTIES AND PLEADINGS</u>

    a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by _____.

    b. If the case is a class action, the parties agree that the motion for class certification shall be filed by _____.

5. <u>MOTIONS</u>

    a. Are there any pending motion(s)?

        \_\_\_\_Yes   \_\_\_\_No

        If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

    b. Are the parties requesting expedited briefing on the pending motion(s)?

        \_\_\_\_Yes   \_\_\_\_No

        If yes, identify the proposed expedited schedule:

        Opposition to be filed by _____; Reply brief to be filed by _____.

6. <u>ISSUES</u>

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

7. <u>DISCOVERY PROCEDURES</u>

   a. The parties agree that all discovery shall be completed by _____. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

   b. Do the parties anticipate the production of ESI? _____ Yes _____ No

      If yes, describe the protocol for such production:

   c. Do the parties intend to seek a protective order or clawback agreement?

      If yes, such order or agreement shall be produced to the Court by _____.

8. <u>DISPOSITIVE MOTIONS</u>

   a. Any dispositive motions shall be filed by _____.

   b. Are the parties requesting expedited briefing on dispositive motions?

      _____ Yes      _____ No

      If yes, identify the proposed expedited schedule:

      Opposition to be filed by _____; Reply brief to be filed by _____.

9. <u>EXPERT TESTIMONY</u>

   a. Primary expert reports must be produced by _____.

   b. Rebuttal expert reports must be produced by _____.

10. <u>SETTLEMENT</u>

Plaintiff(s) will a make a settlement demand by _____. Defendant will respond by _____. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request the following month and year:

_____ 20___

3

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11.  **RULE 16 PRETRIAL CONFERENCE**

Do the parties request a scheduling conference?

\_\_\_\_\_Yes, the parties would like a conference with the Court prior to it issuing a scheduling order.   The parties request that the conference take place _____ in chambers_____ by telephone.

\_\_\_\_\_ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12.  **OTHER MATTERS**

Indicate any other matters for the Court's consideration:

Signatures:

Attorney for Plaintiff(s):                                        Attorney for Defendant(s):

Counsel for _____                Counsel for _____
Bar #                                                                  Bar #

Counsel for _____                Counsel for _____
Bar #                                                                  Bar #

Counsel for _____                Counsel for _____
Bar #                                                                  Bar #

Date: _____

*Doe v. Kenyon*, 2:20-cv-04972 (S.D. Ohio)
Attachment to 26(f) Form

2. **Initial Disclosures**

   The parties have agreed to exchange Initial Disclosures seven days after the court's entry of the parties' stipulated protective order.

3. **Venue and Jurisdiction**

   *Contested issue on jurisdiction*

   Defendant's position:
   Defendant contests the jurisdiction of this Court over Plaintiff's state law claims should the Title IX claims be dismissed or otherwise resolved.

   *Any motion regarding jurisdiction will be filed*
   30 days after dismissal or resolution of Title IX claims

   Plaintiff's position:
   Plaintiff disagrees there are issues related to jurisdiction over his state law claims even if the Title IX claim is dismissed. The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000.

6. **Issues**

   John Doe was a student at Defendant Kenyon College.  Kenyon College investigated allegations against John Doe and found John Doe in violation of its "Sexual Misconduct and Harassment Policy: Title IX, VAWA, Title VII" in January 2020 and sanctioned him to dismissal.  In February 2020, John Doe appealed the Title IX finding and his appeal was denied by Kenyon College.  John Doe now brings the following causes of action against Kenyon College: (1) gender discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; (2) retaliation in violation of Title IX; (3) breach of contract; and (4) promissory estoppel.  Plaintiff made a jury demand. Defendant Kenyon College denies all allegations of violations.

   Defendant also raises concerns that Plaintiff's Title IX claims are limited to only those recognized by this Court in the student disciplinary context and that Plaintiff's damages are not cognizable due, in part, to Plaintiff's withdrawal from the College and his prior conduct history.

*Doe v. Kenyon*, 2:20-cv-04972 (S.D. Ohio)
Attachment to 26(f) Form

**7.b.    ESI protocol for production**

The Parties propose the following guidelines and limitations regarding the discovery of electronically stored information ("ESI"):

i.  Unless otherwise requested pursuant to Fed. R. Civ. P. 34(b), the parties can exchange responsive and discoverable ESI in PDF, DOC, XLS, or in native format.

iii.  The parties anticipate entering into a claw back agreement and stipulated protective order.  Accordingly, the parties agree that the Inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege or work product doctrine immunity. "Inadvertent" shall be defined as the production of ESI or document(s) that could have been withheld or redacted under a good faith basis to assert a claim of privilege or other protection.  In order for this agreement to apply, the producing party must notify the receiving party as soon as practicable but not later than fifteen (15) business days following the realization of the inadvertent nature of the production.  Upon notification from the producing party, the receiving party shall promptly make reasonable efforts to delete any such material from their system, and/or the receiving party's counsel shall not use such information for any purpose until further order of the Court.  The parties agree to this obligation regardless of the circumstances of the Inadvertent disclosure, including whether or not any such Inadvertent disclosure was made recklessly or negligently.

Any analyses, memoranda or notes which were generated based upon such Inadvertently produced information shall be treated as strictly confidential and shall not be used for any purpose unless as agreed upon by the parties or as directed by the Court.  The producing party must also preserve the information until any dispute regarding the ESI or document is resolved.

iv.  In the interests of economy and swift resolution of any dispute, the scope of the discovery and the form in which ESI is produced may be further limited or modified by agreement of the parties.

v.  The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense.

2

*Doe v. Kenyon*, 2:20-cv-04972 (S.D. Ohio)
Attachment to 26(f) Form

10. **Settlement**

    Before the Complaint was filed, the parties engaged in settlement discussions that were ultimately not fruitful. To the extent the parties find that a settlement conference would be beneficial during the course of this litigation, the parties may jointly request a settlement conference at a date earlier than identified in this report.

12. **Other Matters**

    The parties expect that further discussions will be needed regarding the privacy of student records, the permissible scope of discovery, and the number of depositions, and may need court assistance on these issues at the appropriate time to the extent they are not able to reach agreement.