Nicholas T. Bennett
238 8th Avenue
San Francisco, CA 94118
Tuckerbennett151@gmail.com

FILED
RICHARD W. NAGEL
CLERK OF COURT

2021 JUN 28 AM 10: 57

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

June 25th, 2021

Re: FERPA Rights Notice and Court Order

John Doe v Kenyon College, No. 2:20-cv-04972

To: Office of the Clerk, US District Court for the Southern District of Ohio

In reference to the enclosed FERPA Rights Notice and Court Order, I strongly object to the production of any documents pertaining to me in the above referenced case. The basis for my objection is as follows:

Given my relationship with "Jane Doe", I thought it was the right thing to do to speak with the Title IX investigators in the Fall of 2019. I was under the impression that the interview was an internal "Kenyon" process and was never made aware that any statements made could be presented in a court of law. I was cooperating under the processes of the Kenyon college Title IX office who promised my name would not appear in the context of the investigation and I would like to remain anonymous going forward as promised by Kenyon's Title IX department.

I never was given the option to have any attorney present during the interview, following on the previous point of not being informed of the potential ramifications of the investigation. I feel students have the right to have an attorney present if their statements have the potential to be used in a court of law.

Given I was not present at the incident and had limited contact with the students in question the night of the incident, I feel my identity is not crucial to the point at hand.

Because I was misinformed of the legal nature of the investigation at the time of my interview, I do not feel comfortable nor do I feel it is necessary to have my name included in any context related to this lawsuit.

Lastly, knowing all involved parties I am personally extremely upset by this lawsuit and all involved allegations.

Please confirm that all of my records are not produced or disclosed.

Sincerely,

Nicholas T. Bennett



**Bricker&Eckler**
ATTORNEYS AT LAW

Bricker & Eckler LLP
1001 Lakeside Avenue East
Suite 1350
Cleveland, OH 44114
Office: 216.523.5405
www.bricker.com

Joshua D. Nolan
Direct Dial: 216.523.5485
jnolan@bricker.com

June 18, 2021

Mr. Nicholas T. Bennett
238 8th Ave
San Francisco, CA 94118

*Delivered via UPS*

*Re: FERPA Rights Notice and Court Order*

Dear Nicholas Bennett:

Kenyon College is a defendant in a recently filed litigation captioned *John Doe v. Kenyon College*, No. 2:20-cv-04972 (S.D. Ohio). Our firm, Bricker & Eckler, LLP, has been retained by Kenyon College to defend it in this matter. The Plaintiff in this case is a former student who is identified as John Doe to protect his identity. The Court has also ordered in this matter that the parties refer to other Kenyon students using pseudonyms to protect their identity in any public filing in the lawsuit (attached).

Part of the litigation process involves the exchange of relevant documents, commonly referred to as the discovery process. The parties agreed to protect the information produced in this matter through a "Stipulated Protective Order" or confidentiality order attached to this letter (attached). This order governs the disclosure of education records related to any College student.

Your information is contained in the records of the Fall 2019 investigation that is the subject of the lawsuit; your information could be included because, you were interviewed as a witness or party, or your name may appear in an interview summary or other document.

On (date), the Court in *John Doe v. Kenyon College* ordered Kenyon College to turn over to John Doe documentation that includes your unredacted information contained in those records from the Fall 2019 investigation that is the subject of the lawsuit.

In accordance with the Family Educational Rights and Privacy Act (FERPA) 34 C.F.R. 99.31(a)(9)(i)&(ii) and the Court's June 17, 2021 order (attached), Kenyon College is notifying you that you have 14 days from the date of this letter (until July 2, 2021) to object to the Court (not to Kenyon College) to the release of your above-described information. Absent an objection filed by you with the Court, by July 2, 2021, Kenyon College must produce these records to John Doe after July 2, 2021.

Instructions for students wishing to object is included in the attached Court' June 17, 2021 order.

Neither our firm nor Kenyon College can object on your behalf, should you choose to do so, or provide you with any legal advice or legal assistance.

16561375v2

*Re: FERPA Rights Notice and Court Order*
Page 2 of 2

If you have any questions or concerns, please contact legal counsel for Kenyon College, Joshua Nolan, at 216.523.5485 or jnolan@bricker.com or Erin Butcher, at 614.227.2303 or ebutcher@bricker.com.

Sincerely,

Cc: Erin Butcher

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| JOHN DOE, | : | |
| Plaintiff, | : | No. 2:20-cv-4972 |
| | : | Judge Michael H. Watson |
| v. | : | Magistrate Judge Chelsey M. Vascura |
| KENYON COLLEGE, | : | |
| Defendant. | : | |

## ORDER

On January 15, 2021, Plaintiff John Doe served document requests on Defendant Kenyon College ("Kenyon") which seek, among other things, documents that constitute "education records" and contain "personally identifiable information" of third party current and former Kenyon students, as defined by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and 34 C.F.R. § 99.3.

Although Kenyon has identified documents responsive to Plaintiff's requests that it agrees are relevant to the litigation, Kenyon asserts that according to 34 C.F.R. § 99.31(a)(9)(i), it may only produce these records without redactions to remove third party personally identifiable information if: (1) it is ordered to do so; and (2) after providing each student whose education records are at issue with an opportunity to seek protective action from this Court. This Court agrees.

Accordingly, to the extent any document requests served on Kenyon seek records that Kenyon believes are subject to FERPA, and such records are otherwise discoverable in this case, then Kenyon must produce those documents once it issues a FERPA notice that gives the affected students a reasonable opportunity to object.

**IT IS ORDERED** as follows:

1.    To the extent that any of the document requests made by John Doe to Kenyon seek discoverable information that includes education records or personally identifiable information of non-party current or former Kenyon students, Kenyon is ordered to produce such documents in accordance with 20 U.S.C. §1232g(b) and 34 C.F.R. § 99.31(a)(9)(i), provided that the notice protocol set forth below is followed.

2.    Before producing any non-party education records, Kenyon shall make a reasonable effort in accordance with 34 C.F.R. § 99.31(a)(9)(ii) to notify the non-party students whose records have been requested.  Students whose education records have been requested shall be given 14 days to object to the production of documents that include their education records.

3.    Any students objecting to the production of documents shall set forth the basis for their objection in writing and submit it to:

Office of the Clerk
U.S. District Court for the Southern District of Ohio
Joseph P. Kinneary U.S. Courthouse
Room 121
85 Marconi Boulevard
Columbus, Ohio 43215

4.    After the 14-day notice period expires, Kenyon shall promptly produce the documents about which no request for protective action has been made by a non-party student.

5.    Any education records produced by Kenyon pursuant to this Order will be subject to the Stipulated Protective Order issued in this case.  (*See* ECF No. 20.)

6.    This Order in no way prejudices Kenyon from arguing that the requested documents or information fall outside the permissible scope of discovery or are otherwise subject to limitations set forth in the Federal and Local rules.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | CASE NO. 2:20-cv-04972 |
| Plaintiff, | : | |
| | : | JUDGE MICHAEL H. WATSON |
| v. | : | |
| | : | MAGISTRATE JUDGE CHELSEY M. |
| | : | VASCURA |
| KENYON COLLEGE, | : | |
| | : | |
| Defendant. | : | |

### STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order to govern the production and use of confidential matter in this case; accordingly, it is ORDERED:

1. **Scope.** All documents produced or made available for inspection in the course of discovery, all responses to discovery requests, all responses to subpoenas issued to non-parties, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of Confidential Information.

3. **Disclosure Defined.** As used herein, "disclosure" or "to disclose" means to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Information, and the restrictions contained herein regarding disclosure of Confidential Information also apply with equal force to any copies, excerpts, analyses, or

1

summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Information or information contained therein.

4. **Designating Material.**

a. **Use of pseudonyms and handling of personally identifiable information of current for former students of Defendant in public court filings and statements.** Consistent with the Court's Order dated September 24, 2020, the parties will employ pseudonyms for Plaintiff "John Doe," Plaintiff's accuser "Jane Doe," and use pseudonyms for all referenced current and former students of Defendant Kenyon College in any documents filed publicly with the Court or stated in public oral argument, hearing, trial, or otherwise stated before the Court. Regarding only documents sought to be filed with the Court, where the identities and personally identifiable information of current and former students cannot be protected using pseudonyms, the parties will seek permission from the Court to file the documents under seal as outlined below.

b. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate and label documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential student records, confidential personal information, medical or psychiatric information, personnel and employment records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

2

5. **Form and Timing of Designation.**

a. **Documents and Written Materials.** The Producing Entity shall designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the label of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" at a later time after production or disclosure of the documents, if necessary. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Materials shall be so-designated prior to, or at the time of, their production or disclosure.

b. **Electronically Stored Information ("ESI").** If a production response includes ESI, the Producing Entity shall make an effort to include within the electronic files themselves the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the extent practicable. If that is not practicable, then the Producing Entity shall designate in a transmittal letter or email to the party to whom the materials are produced (the "Receiving Party") using a reasonable identifier (e.g., the Bates range) any portions of the ESI that should be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

c. **Either Party May Designate.** Either Party may designate a Producing Entity's produced document(s) or ESI as "CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER" within 14 days following a production that does not reflect this designation.

6. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). If a party believes that any documents or

3

materials have been inappropriately designated by another party or non-party, that party shall provide written notice of its objection to the designation to counsel for the person or entity that designated the documents or materials. Within 5 days of the written notice, the parties must confer regarding the objection. As part of that conferral, the designating person or entity must assess whether redaction is a viable alternative to complete non-disclosure. If any party challenges the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation of any document or information, the burden to properly maintain the designation shall, at all times, remain with the person or entity that made the designation to show that said document or information should remain protected pursuant to Federal Rule of Civil Rule 26(c). In the event of disagreement, the designating person or entity shall file a motion pursuant to Federal Rule of Civil Procedure 26(c) within 5 days of the parties' conferral. A party who disagrees with the designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court. If no motion is filed, the designating party will be deemed to have waived its designation.

7.    **Depositions.**    Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

8.    **Protection of Confidential Material.**

a.    **General Protections.**    Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the

4

parties, counsel for the parties or any other persons identified in ¶ 8(b) for any purpose whatsoever other than to prepare for and to conduct discovery, motions, hearings and trial in this action, including any appeal thereof.

        **b.**     **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

        **i.**     **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and/or trial of the action;

        **ii.**     **Parties.** Parties and those employees or parents of a party to this Order who are assisting in the litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

        **iii.**     **The Court and its personnel.**

        **iv.**     **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

        **v.**     **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and/or trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

5

      **vi.**    **Contractors.** Those persons specifically engaged by a party's counsel for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired by a party's counsel to process electronically stored documents;

      **vii.**    **Deposition Witnesses.** Witnesses and their respective counsel may be shown documents designated CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER at depositions taken in this action and such documents may be marked as exhibits to such depositions;

      **viii.**    **Author or Named Recipient.** The author or named recipient of the document (not including a person who received the document in the course of litigation); and

      **ix.**    **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound.

      **c.**    **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

      **d.**    **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

9.      **Inadvertent Production.** Inadvertent production of any document or information with the designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502. "Inadvertent" shall be defined as the production of ESI or documents that could have been withheld or redacted under a good faith basis to assert a claim of privilege or other protection. Pursuant to subsections (d) and (e) of that Rule, the parties agree to, and the Court orders, protection of Protected Information against claims of waiver (including as against third parties and in other Federal and State proceedings) in the event such information is produced during the course of the Litigation, whether pursuant to a Court order, a parties' discovery request, or informal production, as follows:

a.      the production of documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure (collectively, "Protected Information"), including without limitation the attorney-client privilege and work-product doctrine, shall in no way constitute the voluntary disclosure of such Protected Information;

b.      the production of Protected Information shall not result in the waiver of any privilege or protection associated with such Protected Information as to the receiving party, or any third parties, and shall not result in any waiver of protection, including subject matter waiver, of any kind;

c.      if any document or ESI (including, without limitation, metadata) received by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce such information, the Receiving Party will promptly notify the Producing Entity in writing with in fifteen (15) business days of the discovery that

7

it has discovered Protected Information, identify the Protected Information by Bates Number range, and return or sequester such Protected Information until the Producing Entity confirms whether it does indeed assert any privilege protecting this information. Once the Producing Entity asserts privilege over such Protected Information (as described in Subparagraph (e) below), the Receiving Party will return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof, within fifteen (15) business days of notice from the Producing Entity;

d.      upon the request of the Producing Entity, the Receiving Party will promptly disclose the names of any individuals who have read or have had access to the Protected Information;

e.      if the Producing Entity intends to assert a claim of privilege or other protection over Protected Information identified by the receiving party, the Producing Entity will, within fifteen (15) business days of receiving the Receiving Party's written notification, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection;

f.      if, during the course of the litigation, a party determines it has produced Protected Information, the Producing Entity may notify the Receiving Party of such production in writing. The Producing Entity's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Information does not contain privileged or protected information, the Producing Entity shall also provide to the receiving party a redacted copy of the Protected Information that omits the information that the Producing Entity believes is subject to a claim of privilege, immunity or other protection. The Producing Entity must also demand the return of the Protected Information. After receiving such written notification, the Receiving Party must, within fifteen (15) business days of receiving the written notification, return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof;

g.      a Receiving Party's return, sequestration, or destruction of such Protected Information as provided in the Subparagraphs above will not act as a waiver of the

8

Receiving Party's right to move for the production of the returned, sequestered, or destroyed Protected Information on grounds that the Protected Information is not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing Entity's production of the Protected Information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Information by the Producing Entity was not inadvertent, that the Producing Entity did not take reasonable steps to prevent the disclosure of the Protected Information, or that the Producing Entity did not take reasonable steps to rectify such disclosure; and

h.    nothing contained herein is intended to or shall limit a Producing Entity's right to conduct a review of documents or ESI (including, without limitation, metadata), for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to the Receiving Party;

i.    prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively "copies") of documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, or in any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if it does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

10.    **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th

Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least ten (10) days before doing so. After being provided such notice, the potentially harmed party or parties will then have seven (7) days to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible.

a. **FERPA Records.** The parties agree that personally identifiable information (PII) protected by FERPA, particularly PII of nonparty current and former students of Defendant should be protected from public disclosure. If a documents is marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" because the document contains personally identifiable information with respect to students, education records, and other information that may be covered by FERPA, a party shall redact any personally identifiable information prior to filing if the document is not permitted to be filed under seal.

11. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the

Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

12. **Use of Confidential Documents or Information at Public Hearing.** All trials, and certain pretrial proceedings and hearings, are open to the public (collectively a "Public Hearing" or "Public Hearings"). Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during a Public Hearing. However, if a party intends to present at a Public Hearing any document or information that has been so designated, the party intending to present such document or information shall provide advance notice to the person or entity that designated the material as Confidential at least (5) **five** days before the Public Hearing by identifying the documents or information at issue as specifically as possible (i.e., by Bates Number, page range, deposition transcript line, etc.) without divulging the actual documents or information. Any person may then seek appropriate relief from the Court regarding restrictions on the use of such documents or information at trial, or sealing of the courtroom, if appropriate. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13. **Obligations on Conclusion of Litigation.**

    a. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b. **Return of Documents Filed Under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure. To the extent the Clerk returns to counsel any documents treated as

11

CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER under this Order and/or containing HIPAA-protected health information, such documents are subject to ¶ 10(a).

14. **Order Subject to Modification.** This Order shall be subject to modification by stipulation of the parties and approved by Order of the Court, the Court on its own motion, or on motion of a party or any other person with standing concerning the subject matter.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

17. **No Waiver.** Neither the taking of any action in accordance with the provisions of this Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action.

18. **Privacy Rights.** Noting in this Order shall prevent non-parties from asserting their own privacy rights in documents held by the parties, including but not limited to those rights provided by FERPA. Nor shall this Order prevent Defendant from fulfilling the obligations and responsibilities regarding student privacy placed on it by FERPA, or other applicable laws or regulations.

12

**19.** **No Restriction.** Nothing contained in this Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

**IT IS SO ORDERED.**

*/s/ Chelsey M. Vascura*

CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

13

AGREED TO:

*/s/ C. Benjamin Cooper*

REX H. ELLIOT (0054054)
C. BENJAMIN COOPER (0093103)
Cooper & Elliott, LLC
305 Nationwide Boulevard
Columbus, Ohio 43215
rexe@cooperelliot.com
benc@cooperelliot.com

Patricia M. Hamill (Admitted *Pro Hac Vice*)
Lorie Dakessian (Admitted *Pro Hac Vice*)
Conrad O'Brien PC
Center Square, West Tower
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
phamill@conradobrien.com
ldakessian@conradobrien.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Joshua D. Nolan [per email 1-29-21]*

JOSHUA D. NOLAN* (0084592)
  **Trial Attorney*
Bricker & Eckler LLP
1001 Lakeside Avenue E.
Cleveland, Ohio 44114
(216) 523-5405
(216) 523-7071 (facsimile)
jnolan@bricker.com

ERIN E. BUTCHER (0087278)
Bricker & Eckler LLP
100 S. Third Street
Columbus, Ohio 43215
(614) 227-2303
ebutcher@bricker.com

**ATTORNEYS FOR DEFENDANT**

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

JOHN DOE,

      Plaintiff,

  v.

KENYON COLLEGE,

      Defendant.

CASE NO. 2:20-cv-04972

JUDGE MICHAEL H. WATSON

MAGISTRATE JUDGE CHELSEY M. VASCURA

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that they have read the Protective Order dated (DATE) in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate them to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____    _____

Date           Signature

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE,

        Plaintiff,

    v.

KENYON COLLEGE,

        Defendant.

Civil Action 2:20-cv-4972
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter is before the Court on Plaintiff's unopposed Motion for Leave to Proceed Under a Pseudonym. (ECF No. 2.) For the reasons that follow, Plaintiff's Motion is **GRANTED**.

### I.

Plaintiff was a student at Kenyon College. (ECF No. 1.) Plaintiff filed his Complaint on September 22, 2020, asserting claims for gender discrimination, unlawful retaliation, and breach of contract alleging that Kenyon College erroneously expelled Plaintiff from the College based on false accusations of sexual misconduct. (*Id.*) On September 22, 2020, Plaintiff also filed his Motion to Proceed Under a Pseudonym. (ECF No. 2.) Plaintiff asserts that the circumstances of this case, which involve the stigmatizing charge of sexual assault and include details of Plaintiff's sexual relationship, are such that requiring Plaintiff to proceed under his name would disclose information of the utmost personal intimacy and subject Plaintiff to lasting social stigma

and other harms. Plaintiff also asserts that if he is forced to reveal his identity, the identity of his

accuser, "Jane Roe," and other witnesses would likely become public.

## II.

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a).

However, the Court "may excuse plaintiffs from identifying themselves in certain

circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion,

a court must balance the public's common law right of access to court proceedings against the

interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015

WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F.

App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh

the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit

has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental
> activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose
> information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs
> to disclose an intention to violate the law, thereby risking criminal prosecution; and
> (4) whether the plaintiffs are children."

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also

relevant to consider whether the defendants are being forced to proceed with insufficient

information to present their arguments against the plaintiff's case. *Id.* at 561.

## III.

The Court is persuaded that, in considering the *Porter* factors, Plaintiff's privacy interests

outweigh the presumption in favor of openness. *Porter*, 371 F.3d at 560 (citing *Doe v. Stegall*,

653 F.2d 180, 185-86 (5th Cir. 1981). As to the second *Porter* factor (regarding the intimate

nature of the information at issue), Plaintiff's claims arise out of Defendant's handling of claims

that Plaintiff sexually assaulted another student with whom he had an intimate sexual

2

relationship. The Complaint details Plaintiff's sexual relationship with his accuser, criminal charges Plaintiff faced, and the College's investigation process. Courts in this Circuit have allowed plaintiffs challenging university treatment of sexual misconduct allegations to proceed under a pseudonym. *See, e.g., Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (affirming Report and Recommendation allowing plaintiff to proceed under a pseudonym where plaintiff was challenging university's treatment of sexual misconduct claims against him); *Doe v. Univ. of South*, No. 4:09-CV-62, 2011 WL 13187184, at *19 (E.D. Tenn. July 8, 2011) (allowing plaintiff to proceed under a pseudonym because "being accused of sexual assault is a serious allegation with which one would naturally not want to be identified publicly"). As to the third *Porter* factor (whether the litigation would require disclosure of criminal activity), a factor in this litigation may be whether Plaintiff actually sexually assaulted his accuser, which may require disclosing criminal activity.

Plaintiff also correctly points out that the public interest weighs in favor of allowing him to proceed anonymously to protect the identity of his accuser. Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of openness. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously). Finally, Plaintiff states that his identity and the identity of his accuser are already known to Defendant and its counsel, such that Defendant will not be prejudiced in its ability to defend this action. Defendant does not oppose Plaintiff's request to proceed anonymously.

3

## IV.

Under the circumstances, the Court finds compelling reasons to protect Plaintiff's privacy. Therefore, Plaintiff's Unopposed Motion for Leave to Proceed Anonymously (ECF No. 2) is **GRANTED**. Plaintiff may proceed in this action under the pseudonym John Doe.

It is further **ORDERED** that:

(1)   In all publicly-filed documents, Plaintiff shall be identified only as John Doe. All documents filed with this Court that contain the full name of Plaintiff, or contain information that identify Plaintiff, directly or indirectly, shall be filed under seal. The filing party must also contemporaneously file a public version with any identifying information redacted.

(2)   The parties shall take all other reasonable steps to prevent Plaintiff's true identities from being disclosed.

IT IS SO ORDERED.

/s/ Chelsey M. Vascura
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

4