UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE,

      **Plaintiff,**

  v.                                      Civil Action 2:20-cv-4972
                                                        Judge Michael H. Watson
                                                        Magistrate Judge Chelsey M. Vascura

KENYON COLLEGE,

      **Defendant.**

## OPINION AND ORDER

On June 17, 2021, this Court ordered Defendant to provide notice to non-party students whose records have been requested in discovery pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 C.F.R. § 99.3.  (ECF No. 31.)  Any students objecting to the production of documents were instructed to set forth the bases for their objection in writing and to submit it to the Clerk of Court.  (*Id.*)  The Court received objections from seventeen students.  (ECF Nos. 33, 36–43, 45–52.)[1]  Defendant provided the student records in question to the undersigned for *in camera* review.  The undersigned has reviewed the objections and student records to determine whether the records are relevant to the litigation and whether Plaintiff's right to discovery of the records outweighs the privacy interests of the objecting students.  *See Richardson v. Bd. of Educ. of Huber Heights City Sch.*, No. 3:12CV00342, 2014 WL 2738221, at *1 (S.D. Ohio June 17, 2014); *Browning v. Univ. of Findlay Bd. of Trustees*, No. 3:15-CV-02687-JGC, 2016 WL 4079128, at *2 (N.D. Ohio July 30, 2016).

---

[1] The Court also received a filing from a student who did not object to the disclosure of her student records.  (ECF No. 44.)

## I. GENERAL CONSIDERATIONS

The undersigned begins the analysis with some general comments applicable to all students and documents.

**A. Production shall be subject to the Protective Order.**

All documents produced pursuant to this order shall be designated "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" as provided by the Stipulated Protective Order in effect in this case. (ECF No. 20.)

**B. Plaintiff has already reviewed many of the documents to be produced.**

In determining whether student objectors' personally-identifying information should be redacted, the undersigned is mindful that Plaintiff previously reviewed (but was not permitted to retain a copy of) unredacted versions of the initial and final investigation reports prepared by Defendant's Title IX investigators. Thus, Plaintiff is already aware of the identity of many of the student objectors, many of whom had significant and identifiable interactions with Plaintiff or involvement with the Title IX investigation, making redaction of certain students' names futile.

**C. Contact information for all students must be redacted.**

However, other personally-identifiable information, such as email addresses and telephone numbers, should be redacted for all students, regardless of whether the Court orders redaction of those students' names. Although Plaintiff may require knowledge of various students' names to understand the Title IX investigators' reasoning underlying their decision, the parties have not suggested, and the Court does not anticipate, that Plaintiff would need to contact any of the student objectors in furtherance of prosecuting his claims. Thus, the student objectors' interest in the privacy of their contact information outweighs Plaintiff's need for discovery of that information.

**D.      Redaction is unnecessary for documents originating from Plaintiff.**

The Court notes that Defendant included with the documents for *in camera* review an exhibit provided by Plaintiff in the underlying Title IX matter. Because this exhibit originated with Plaintiff, there would be no benefit to Defendant's redacting student identifying information and producing it back to Plaintiff. The Court has therefore not reviewed this exhibit.

**E.      Plaintiff's parents may review documents in accordance with the Protective Order.**

Defendant expressed concern over the involvement of Plaintiff's parents, who are non-parties to this action. Defendant notes that it "was made aware in June that opposing counsel considers John's non-party parents to be clients for purposes of attorney-client privilege." (Def.'s Position Statement, submitted via email.) Defendant further "requests that, if the Court order that the documents be produced to John unredacted, the Court provide clear parameters to anyone in receipt of these documents, extending to John's non-party parents, for any intentional disclosure of these documents to any third party as well as instructions for retaining these documents beyond the end of this case." (*Id.*)

The undersigned notes that Defendant stipulated to the Protective Order, which expressly permits disclosure of materials designated as confidential to "parents of a party to this Order who are assisting in the litigation," provided such parents complete the certification attached to the Protective Order. (Protective Order ¶ 8(b)(ii), ECF No. 20.) The Protective Order further provides that "[u]nless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal"; thus, parties (and their parents) are prohibited from using or disclosing documents designated as confidential except as provided in the Protective Order, even after conclusion of the litigation. (*Id.* ¶ 13(a).) Intentional disclosure to third parties of documents designated as confidential would violate a Court order, which may subject the offender to contempt sanctions. If Defendant wishes the

Court to enter more specific provisions related to disclosure to third parties, it may file a motion to modify the Protective Order as provided therein. (*Id.* ¶ 14.)

**F.      Defendant's review omitted a number of instances of student names.**

The undersigned noted numerous instances where a student objector's name was not identified in the chart accompanying the documents submitted for *in camera* review. In particular, it appears Defendant's search methods did not always capture student names contained in screenshots of text messages or footnotes in the investigation reports. In other instances, Defendant's review captured the student's name, but its location was recorded on the chart as being one page before or after where it actually appeared. Defendant is directed to confirm the redaction of all student names and contact information as outlined in this Order prior to producing the documents to Plaintiff.

## II.      INDIVIDUAL STUDENT OBJECTIONS

The undersigned now considers the objections of each student objector in turn.

**ECF No. 46**: This objection was filed by Jane Roe, the complainant in the underlying Title IX investigation. Plaintiff is already well aware of her identity and has already seen summaries of her interviews with Title IX investigators in the initial and final investigation reports. Jane Roe's representations (and representations by other individuals regarding Jane Roe) to the Title IX investigators were central to the outcome of the Title IX investigation and are undeniably relevant. Further, the undersigned notes that Jane Roe's objection was primarily concerned with the *public* disclosure of her records, and this Order directs only that her unredacted records be produced to Plaintiff (who may use or disclose the records only in accordance with the Protective Order). Plaintiff's interest in discovery of Jane Roe's records therefore outweighs her privacy interest. Defendant shall produce the relevant documents with Jane Roe's name unredacted.

**ECF No. 48**:  This student is a friend of Jane Roe who exchanged numerous text messages with Jane Roe related to Plaintiff's behavior, which Jane characterized as controlling and physically abusive.  Jane relies heavily on these text messages in her written statements to Title IX investigators, including texts Jane sent in the immediate aftermath of the underlying incident, making this student relevant to the investigation.  There is little, if any, information related to this student in the documents to be produced that Plaintiff does not already know.  Plaintiff's interest in discovery of this student's records therefore outweighs the student's privacy interest.  Defendant shall produce the relevant documents with this student's name unredacted.

**ECF No. 33**: This student observed Plaintiff and Jane Roe together prior to, and shortly after, the underlying incident. These observations are relevant because the Title IX investigators relied on them to assess Jane Roe's level of intoxication.  Further, there is little, if any, information related to this student in the documents to be produced that Plaintiff does not already know.  Plaintiff's interest in discovery of this student's records therefore outweighs the student's privacy interest.  Defendant shall produce the relevant documents with this student's name unredacted.

**ECF No. 36**: This student also observed Plaintiff and Jane Roe together prior to the underlying incident, and the Title IX investigators also relied on this student's observations to assess Jane Roe's level of intoxication.  Further, there is little, if any, information related to this student in the documents to be produced that Plaintiff does not already know.  Plaintiff's interest in discovery of this student's records therefore outweighs the student's privacy interest.  Defendant shall produce the relevant documents with this student's name unredacted.

**ECF No. 37**: This student interacted with Plaintiff and Jane Roe shortly following the underlying incident and reportedly overheard a statement by Plaintiff that the Title IX investigators relied on in reaching their conclusions that Plaintiff was guilty of misconduct.

Investigators also relied on this student's observations to assess Jane Roe's emotional state. Further, there is little, if any, information related to this student in the documents to be produced that Plaintiff does not already know. Plaintiff's interest in discovery of this student's records therefore outweighs the student's privacy interest. Defendant shall produce the relevant documents with this student's name unredacted.

**ECF No. 51**: Jane Roe confided in this student regarding Plaintiff's actions that Jane characterized as physically and emotionally abusive. The Title IX investigators relied on this student's statements in reaching their ultimate conclusions that Plaintiff was guilty of misconduct. Further, there is little, if any, information related to this student in the documents to be produced that Plaintiff does not already know. Plaintiff's interest in discovery of this student's records therefore outweighs the student's privacy interest. Defendant shall produce the relevant documents with this student's name unredacted.

**ECF No. 47**: This student reported that she heard shouting and crying by Plaintiff and Jane Roe coming from Jane Roe's room on at least one occasion. This student also exchanged text messages with Jane Roe related to Plaintiff's behavior that Jane characterized as threatening. Title IX investigators relied on these text messages in reaching their ultimate conclusions that Plaintiff was guilty of misconduct. Plaintiff further relies on interactions between Jane Roe and this student as evidence of Jane's poor character in Plaintiff's written statements to Title IX investigators. Further, there is little, if any, information related to this student in the documents to be produced that Plaintiff does not already know. Plaintiff's interest in discovery of this student's records therefore outweighs the student's privacy interest. Defendant shall produce the relevant documents with this student's name unredacted.

**ECF No. 42**: This student is mentioned in Plaintiff's written statement and Jane Roe's interview notes as being someone Jane Roe did not feel safe around. The identity of this student

is not relevant to the Title IX investigators' decision and the student's privacy interest therefore outweighs Plaintiff's interest in discovery of this student's records.  However, Plaintiff's written statement is already in his possession, and Plaintiff has already seen the initial and final investigation reports in which this student is briefly mentioned as part of a summary of Plaintiff's written statement.  Those records therefore need not be redacted for this student's name.  But Defendant must redact this student's name when it appears in any records that Plaintiff has not previously seen, such as investigators' notes from their interview with Jane Roe.

**ECF Nos. 38–41, 43, 45, 49, 50, and 52**: These students are mentioned only in passing in text messages, interview notes, or campus citations received by Plaintiff for entirely unrelated incidents.  Further, none of these students were interviewed by Title IX investigators.  These students' records are therefore not relevant to this litigation and the students' privacy interests outweigh Plaintiff's interest in discovery of their student records.  Defendant shall redact the names of these students wherever the appear in the documents to be produced.

### III.  DISPOSITION

Defendant shall produce the documents in question, with redactions as outlined above, to Plaintiff **WITHIN 14 DAYS OF THE DATE OF THIS ORDER**.

    **IT IS SO ORDERED.**

> /s/ *Chelsey M. Vascura*
> CHELSEY M. VASCURA
> UNITED STATES MAGISTRATE JUDGE